UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN RUSSELL,
    Plaintiff,

v.                                            Case No. 8:21-cv-1558-KKM-AAS

KRISTIAN HARPER,
    Defendant.
_____/

**ORDER**

Plaintiff Adrian Russell's filed a complaint bringing claims under 42 U.S.C. § 1983. (Doc. 1.) Russell is pretrial detainee proceeding pro se.

**I.    Legal Background**

    **A.    Section 1915**

Although federal courts must read a plaintiff's pro se allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 519–520 (1972), they must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed, 28 U.S.C. § 1915(A). A court is required to dismiss a complaint, or any portion thereof, if the complaint fails to identify cognizable claims; is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals

for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").

### b.     Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97. Thus, a plaintiff must show that the defendant acted under the color of state law or otherwise showed some type of state action that led to the violation of his rights. *Id.*

## II.     Analysis

The Court dismisses the complaint without prejudice because Russell fails to state a claim upon which relief may be granted under § 1983. First, Russell has not adequately named any defendant or identified the defendant's conduct alleged in this case. In the caption of the civil rights complaint form, Russell names "Banded Thru troy Fain insur" as the defendant in this case. (Doc. 1 at 1.) In the section of the complaint form listing defendants, he names "Mrs. Kristian Harper" as the only defendant in this case. (Doc. 1 at 2.) Neither "Banded Thru troy Fain insur" nor Ms. Harper are mentioned again in the complaint. Russell alleges no facts to describe what type of entity "Banded Thru troy Fain insur" is or how this entity acted under the color of state law to deprive him of his constitutional rights.

Russell states that Ms. Harper's job or title is "insurance," but fails to allege any facts to show she acted under the color of state law to deprive him of his constitutional rights.

Second, Russell's claim (or claims) is largely unintelligible. The complaint alleges that his Fourth and Fourteenth Amendment rights were violated when "[Russell] was illegally authorized, notarize from a illegally notary that was not a judicial officer." (Doc. 1 at 4.) This disjointed statement lacks clarity, leaving the reader without any idea who was involved or how Russell's constitutional rights were violated by these nameless defendants. In attempting to describe the incident giving rise to his claim, Russell alleges that on March 9, 2018, "the state attorney filed charges against [him] from a false affidavit which was under a penalty an[sic] perjury an[sic] that was not [illegible] justification to be [illegible] from illegally magistrate that is not a illegally judicial official." (Doc. 1 at 5.) Again, this statement is incoherent. Russell does not describe the affidavit or any circumstances surrounding the affidavit, such as how the affidavit was falsified, who submitted the false affidavit, or what criminal charges resulted from the false affidavit.

Third, Russell's description of his injury is similarly unintelligible. He alleges that "[he] [has] been physically mentally anguish an[sic] suffered being mentally involved in this way of living an[sic] have been taking medical [illegible] an[sic] zolof." (Doc. 1 at 5.) He seeks $25,000 "for ever[sic] second [he] [has] been incarcerated until [he's] released." (*Id*.) Russell fails to describe his injury with any specificity, nor does he describe how a violation of his constitutional rights resulted in an injury. It is unclear whether Russell's alleged injury is physical, mental, or both.

Because this is Russell's first complaint and the Court is conducting its required initial screening before any defendant has been served, it will permit Russell the opportunity to amend. If Russell can adequately identify a defendant and assert facts to state a claim for a violation of his constitutional rights, he may amend his complaint.

Russell should be aware: the factual allegations in his amended complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A complaint must give "the defendants fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. More than conclusory and vague allegations are required to state a cause of action under § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). In the amended complaint, Russell must clearly name a defendant (or defendants), identify a claim (or claims) for relief, state relevant facts that support each claim, and explain how each defendant caused the alleged constitutional violations.

To the extent Russell contests the constitutionality of the criminal charges pending against him in state court, he should note that "a federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances." *Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008). "Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise

of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts." *Id.* (citations omitted).

Finally, Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "The physical injury requirement is not a bar to filing suit, only a limitation on recovery. And § 1997e(e) limits a prisoner only from recovering damages that redress, or compensate him for, a mental or emotional injury, when no physical injury is shown." *Hoever v. Marks*, 993 F.3d 1353, 1360 (11th Cir. 2021) (*en banc*).

### III.  Conclusion

Accordingly, it is **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a. If Russell wishes to amend his complaint to remedy the noted deficiencies, he shall file an Amended Complaint no later than **January 21, 2022**.

    b. To amend his Complaint, Russell should complete a new civil rights complaint form, titling it "Amended Complaint." The Amended Complaint must include all of Russell's claims in this action and may not refer back to, or incorporate, the original complaint. The Amended Complaint shall supersede the original complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c.    The Amended Complaint will be subject to initial screening under 28 U.S.C. § 1915A.

2. If Russell fails to file an Amended Complaint by January 21, 2022, or fails to seek an extension of time to do so, this order will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Russell must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Russell a copy of both the standard prisoner civil rights complaint form and this order.

**DONE** and **ORDERED** in Tampa, Florida on January 7, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge