UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN RUSSELL,
    Plaintiff,

v.                                                                  Case No. 8:21-cv-1558-KKM-AAS

KRISTIAN HARPER,
    Defendant.
_____/

**ORDER**

Plaintiff Adrian Russell initiated a civil rights action under 42 U.S.C. § 1983. (Doc. 1.) A prior order dismissed Russell's original complaint for failure to state a claim and permitted him leave to amend. (Doc. 6.) The Court warned Russell that, in order to avoid dismissal, he "must clearly name a defendant (or defendants), identify a claim (or claims) for relief, state relevant facts that support each claim, and explain how each defendant caused the alleged constitutional violations." (Doc. 6 at 4.)

Russell filed an Amended Complaint, (Doc. 7), which was stricken without prejudice because it was "partially illegible[,] . . . [did] not appear to contain any legal or factual allegations that could constitute a civil rights action," and was not filed on the standard prisoner civil rights form. (Doc. 8.) Russell was permitted a final opportunity to amend, which Russell did, (Doc. 9).

Although on the standard civil rights form, the Second Amended Complaint must be dismissed with prejudice because Russell again fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A (requiring a district court to

screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).

Russell sues Kristian Harper, a notary public. He alleges that his Fourth and Fourteenth Amendment rights were violated when Harper "filed and illegally authorize[d] charges" against him "from a false affidavit under [Fla. Stat. §] 92.525 from [T]ampa police officers B. Wester, Sgt. R. Paik." (Doc. 9 at 3.) He alleges that Harper "was not a judge of magistrate to have the authority to authorize a warrant of issuance" against him. (*Id.*)

Like the Complaint and Amended Complaint, the Second Amended Complaint is incoherent and incomplete. Despite the Court's warnings about the deficiencies in his allegations, (Docs. 6, 8), Russell still does not describe the affidavit or any circumstances surrounding the affidavit, such as how the affidavit was falsified, who submitted the false affidavit, or what criminal charges resulted from the false affidavit. Also, Russell's description of his injury is similarly unintelligible and incomplete. He alleges mental anguish and "not getting the proper medical treatment." (Doc. 9 at 4.) Russell fails to describe his injury with any specificity, nor does he describe how a violation of his constitutional rights resulted in an injury.

Accordingly, it is **ORDERED** that the Second Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may

be granted. The dismissal is with prejudice because of Russell's "repeated failure to cure deficiencies by amendments previously allowed." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The **CLERK** is directed to enter judgment against Russell and in Harper's favor, to terminate any pending motions, and to **CLOSE** this case.

    **ORDERED** in Tampa, Florida on June 9, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge